UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| LEONEL MARIN TORRES,<br><br>              Plaintiff,<br><br>  vs.<br><br>DR. RONALD FLECK, HCM CHIPALA, DHS PATRICIA RIMA, NURSE ERICKA, NURSE DONELL, SGT MATHERSON, NURSE WILCOX and COLEMAN,<br><br>              Defendants. | NO. CV-06-5022-EFS<br><br>ORDER DISMISSING ACTION |

     By Order filed June 2, 2006, the court directed Mr. Torres, a prisoner at the Washington State Penitentiary, to comply with LR 10.1(a), Local Rules for the Eastern District of Washington, by presenting his complaint in English. Rather than comply, Plaintiff pursued an appeal to the Ninth Circuit Court of Appeals. The appeal was dismissed for lack of jurisdiction (Ct. Recs. 22 and 23).

     Plaintiff was granted additional time to comply with the court's directive following dismissal of his appeal (Ct. Rec. 24).[1]

---

[1] The court had previously taken judicial notice of DOC Policy number DOC 590.500 V.E. which provides:

> "Offenders who are illiterate, unable TO READ OR WRITE ENGLISH, or are otherwise disabled should be

ORDER DISMISSING ACTION -- 1

Plaintiff, however, did not comply and has filed nothing further in this action.

### DISMISSAL FOR FAILURE TO OBEY A COURT ORDER

"Pursuant to Federal Rule of Civil Procedure 41 (b), the district court may dismiss an action for failure to comply with any order of the court." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992), *cert. denied*, 506 U.S. 915 (1992). The district court should consider five factors when deciding whether to dismiss a case for failure to obey a court order:

> (1) The public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.

*Ferdik*, 963 F.2d at 1260-61 (Citations omitted).

The first two factors weigh in favor of dismissal. The court's and the public's interests are both served by a quick resolution of civil rights litigation. The third factor also favors dismissal. Defendants will not be prejudiced if the claims are dismissed because Defendants have not yet been served. Only the fourth factor arguably weighs against dismissal. However, despite the court's instructions, Plaintiff has not yet presented sufficient allegations. As for the fifth factor, the only less drastic alternative would be to allow Plaintiff yet more time to comply with the court's directed. Plaintiff, however, has already had more than eight months to present

---

referred by the Law Librarian first to authorized attorneys, then to trained law clerks, or finally, to other offenders with legal skills who may work with this offender without compensation."

ORDER DISMISSING ACTION -- 2

his complaint in English; and failed to do so.  Allowing a further extension would frustrate the purpose of the first two factors; therefore, the fifth factor favors dismissal.  On balance, the four factors that favor dismissal outweigh the one that does not. *Ferdik*, 963 F.2d at 1263 (*citing, Malone v. United States Postal Serv*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (four factors heavily supporting dismissal outweigh one against dismissal), *cert. denied*, 488 U.S. 819 (1988)).  Accordingly, **IT IS ORDERED** Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**  The District Court Executive shall enter this Order, enter judgment, forward copies to Plaintiff and close the file.

**DATED** this      5th      day of March 2007.

            S/ Edward F. Shea
            EDWARD F. SHEA
            UNITED STATES DISTRICT JUDGE

ORDER DISMISSING ACTION -- 3